UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY,

                        Plaintiff,

-against-

STATE NATIONAL INSURANCE COMPANY,

                        Defendant.
-------------------------------------------------------------------X

Docket No.:

## **COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, THE TRAVELERS INDEMNITY COMPANY ("Travelers"), and for its Complaint for Declaratory Judgment against Defendant, STATE NATIONAL INSURANCE COMPANY ("SNIC"), alleges upon information and belief as follows:

### **Nature of the Action**

1. Travelers is providing a defense to Gilbane Development Group and Gilbane of Gilbane Apex, a Joint Venture between GDC Construction JV LLC and Apex Building Group, Inc. (collectively "Gilbane"), and Highbridge Owner, LLC ("Highbridge") in a lawsuit entitled *Wilman Loja Ramon, et al. v. Highbridge Owner, LLC, et al.*, in the Supreme Court of the State of New York for Bronx County which was assigned Index No. 814776/2024E (the "Underlying Action").

2. In the instant action, Travelers seeks a declaration that SNIC is obligated to defend and to indemnify Gilbane and Highbridge in the Underlying Action, as additional insureds under a policy of insurance issued by SNIC, on a primary and non-contributory basis, and that Travelers is entitled to judgment for all defense and indemnity costs incurred on behalf of Gilbane and Highbridge in said action.

1

## Parties

3. At all times relevant hereto, Travelers was and is a Connecticut corporation licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

4. Upon information and belief, at all times relevant hereto, SNIC was an is a Texas corporation with a principal place of business in Bedford, Texas.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. section 1332 and 28 U.S.C. Section 2201.

6. In the Underlying Action, William Loja Ramon (the "Claimant") seeks to recover for alleged personal injuries to his lumbar spine and cervical spine which required two spinal surgeries. Therefore, the purported value of the Underlying Action exceeds $75,000.00.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

8. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant SNIC.

9. Plaintiff Travelers has no adequate remedy at law.

## Policies

10. Upon information and belief, Defendant SNIC issued to Perennial Painting Solutions Corp. ("Perennial") a policy of Commercial General Liability insurance bearing policy number PSI2200391 with effective dates of 7/1/22 to 6/1/23 (the "SNIC Policy").

11. Upon information and belief, subject to certain terms, conditions, and exclusions,

the SNIC Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

12. The SNIC Policy contains a BLANKET ADDITIONAL INSURED endorsement (PSG-007A) that provides, in relevant part:

> It is agreed that this Policy shall include as additional Insureds any person or organization to whom the Named Insured has agreed by written and executed contract to provide coverage, but only with respect to operations performed by or on behalf of the Named Insured and only with respect to occurrences subsequent to the execution of such contract.
>
> **THE INCLUSION OF AN ADDITIONAL INSURED SHALL BE SUBJECT TO ALL OTHER TERMS AND CONDITIONS CONTAINED IN THIS POLICY.**

13. The SNIC Policy further contains a Primary and Non-Contributory Endorsement (PSG-041) that provides, in relevant part:

> Where required by written contract, it is agreed that this policy shall be primary to any insurance carried by an additional insured, and any insurance carried by such additional insured shall not be called upon to contribute to any claim covered under this policy, provided that the claim arises directly from work performed by the Named Insured or others working directly on behalf of the Named Insured and provided further that the "occurrence" that gives rise to such claim happened subsequent to the execution of the written contract.
>
> It is warranted that whenever the Named Insured has agreed by written contract to be primary to any insurance carried by an additional insured, the Named Insured will require by written contract that the Commercial General Liability policy of any contractor or subcontractor of the Named Insured will be primary to any insurance carried by the Named Insured and that the Named Insured's Commercial General Liability policy shall not be called upon to contribute to any claim covered under any policy of such contractor or subcontractor.

14. Upon information and belief, the SNIC Policy provides coverage to Gilbane and Highbridge as additional insureds on a primary and non-contributory basis.

15. Travelers issued to Gilbane a policy of Commercial General Liability insurance bearing policy number VTC2K-CO-2E970978-IND-22 with effective dates of 6/30/22 to 6/30/23

(the "Travelers Policy").

16.   Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

17.   The Travelers Policy contains excess "other insurance" language that provides that coverage under the Travelers Policy is excess over any other coverage available as an additional insured.

## Background Facts

18.   On January 14, 2021, Highbridge and NYCHA Housing Development Fund Corporation ("NYCHA") entered into a construction management agreement with Gilbane to perform certain remedial repairs and improvements to several building developments, including 1381 Franklin Avenue, Bronx, NY 10456 (the "Project").

19.   By subcontract dated February 11, 2022 (the "Subcontract"), Gilbane hired Perennial to install apartment doors on the Project.

20.   Pursuant to the Subcontract, Perennial agreed to procure and maintain commercial general liability insurance naming Gilbane and Highbridge as additional insureds on a primary and non-contributory basis.

21.   In the Underlying Action, the Claimant, who is an employee of Perennial, alleges that, on July 1, 2022, he was "removing a steel door on the second door when the same door collapsed on [him]" and caused him bodily injuries.

22.   In the Underlying Action, the Claimant alleges that Gilbane and Highbridge were negligent and violated Labor Law §§200, 240 and 241(6) and Industrial Code Rules 23-1.5, 23-1.7, 23-1.8, 23-1.15, 23-1.16, 23-1.17, 23-1.21, and 23-1.30.

23. Travelers is defending Gilbane and Highbridge in connection with the Underlying Action.

24. In the Underlying Action, the Claimant seeks to impose liability on Gilbane and Highbridge for alleged bodily injury which was caused as a result of Perennial or its employee's negligent acts or omissions.

### Tenders to SNIC

25. By letter correspondence dated October 11, 2024, Travelers tendered the defense and indemnity of Gilbane and Highbridge to SNIC.

26. By email correspondence dated November 20, 2024 and February 25, 2025, Travelers re-tendered the defense and indemnity of Gilbane and Highbridge to SNIC.

27. By letter correspondence dated January 20, 2026, Travelers re-tendered the defense and indemnity of Gilbane and Highbridge to SNIC.

28. To date, SNIC has failed and refused to accept the defense and indemnity of Gilbane and Highbridge in connection with the Underlying Action.

29. Accordingly, Travelers seeks a declaration that SNIC has an obligation to defend and indemnify Gilbane and Highbridge as additional insureds; that the coverage provided by the SNIC Policy is primary; and that Travelers' obligation to Gilbane and Highbridge in the Underlying Action is excess to proper exhaustion and full payment of the limits of the SNIC Policy.

30. In addition, Travelers seeks an award at law and equity against SNIC for recovery of all sums Travelers has incurred and continues to incur in the defense of Gilbane and Highbridge in the Underlying Action because the coverage provided by the SNIC Policy is primary to any coverage provided by Travelers.

**Claim for Declaratory Relief**

Wherefore, Plaintiff Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that the SNIC Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the SNIC Policy have been complied with and met.

3. Declaring that the alleged accident and the Underlying Action falls within the coverage afforded by the SNIC Policy.

4. Declaring that SNIC owes a duty to defend Gilbane and Highbridge in connection with the Underlying Action.

5. Declaring that SNIC owes a duty to indemnify Gilbane and Highbridge in connection with the Underlying Action.

6. Declaring that SNIC's coverage obligation to Gilbane and Highbridge in connection with the Underlying Action is primary.

7. Declaring that Plaintiff Travelers' coverage obligation under the Travelers Policy is excess to those of SNIC with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant SNIC with respect to SNIC's duty to defend and indemnify Gilbane and Highbridge in connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Travelers against Defendant SNIC for all sums Travelers has paid in defending Gilbane and Highbridge in the Underlying Action.

10. Granting such other and further relief as the Court may deem just and proper.

Dated: February 24, 2026
Hartford, CT

                        USERY & ASSOCIATES

                        By: */s/Logan A. Carducci*
                        Logan A. Carducci, Esq.
                        *Attorneys for Plaintiff—*
                        *The Travelers Indemnity Company*
                        Direct: 917.778.6680
                        Fax: 844.571.3789
                        Email: lcarducc@travelers.com

                        <u>Please address all correspondence sent by mail to:</u>
                        P.O. Box 2996
                        Hartford, CT 06104-2996

                        <u>Physical Address:</u>
                        485 Lexington Avenue, 6th Floor
                        New York NY 10017