UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY,

                              Plaintiff,

-against-

STATE NATIONAL INSURANCE COMPANY,

                              Defendant.
-------------------------------------------------------------------X

Case No.: 1:26-cv-01520 (JGK)

**REPORT OF FED. R. CIV. P. 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN**

& Order.

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for the parties have conferred and submit the following report for the Court's consideration:

1. **Nature and basis of parties' claims and defenses:**

**Plaintiff:** This is an insurance coverage dispute in which The Travelers Indemnity Company ("Travelers") seeks, *inter alia*, a declaration that State National Insurance Company ("SNIC") has a duty to defend and indemnify Gilbane Development Group and Gilbane of Gilbane Apex, a Joint Venture between GDC Construction JV LLC and Apex Building Group, Inc. (collectively "Gilbane"), and Highbridge Owner, LLC ("Highbridge") as additional insureds in relation to an underlying personal injury action captioned *Wilman Loja Ramon, et al. v. Highbridge Owner, LLC, et al.*, pending in the Supreme Court of the State of New York, County of Bronx, which was assigned Index No. 814776/2024E (the "Underlying Action") under the policy issued by SNIC to Perennial Painting Solutions Corp. ("Perennial"). Travelers asserts that Gilbane and Highbridge are additional insureds under the SNIC policy pursuant to an endorsement which provides coverage with respect to operations performed by or on behalf of Perennial.

The Underlying Action involves an incident alleged to have occurred on July 1, 2022 wherein the underlying Claimant, a Perennial employee, was injured while performing work on a

1

construction project on the 2nd floor of 1381 Franklin Avenue, Bronx, NY 10456. In the Underlying Action, the Claimant alleges that he was working in the course and scope of his employment with Perennial removing a steel door when that same door collapsed on him and caused him bodily injuries. In the Underlying Action, the Claimant alleges, *inter alia*, that he sustained injuries as a result of the work at the Project and, specifically, Labor Law and Industrial Code violations.

**Defendant:**

SNIC denies that additional insured coverage is owed; denies that even if the additional insured endorsement contained within its policy is triggered, that any such coverage is primary to the coverage provided by Travelers to Gilbane and Highbridge; and denies that even if additional insured coverage is owed on a primary basis that Travelers is entitled to recovery of the defense costs incurred to defend Gilbane and Highbridge.

2. **Basis of Subject Matter Jurisdiction:** Jurisdiction in this Court is invoked under the provisions of 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

3. **Subject on Which Discovery May Be Needed:**

**Plaintiff:** (1) insurance policies issued by the respective parties; (2) pleadings and discovery including depositions in the Underlying Action; (3) the construction management agreement between Highbridge and NYCHA Housing Development Fund Corporation ("NYCHA") and Gilbane; (4) the subcontract between Gilbane and Perennial; (5) correspondence between Travelers and SNIC regarding Travelers' tender of the defense and indemnification of Highbridge and Gilbane in connection with the Underlying Action to SNIC; and (6) the defense costs incurred by Travelers for the defense of Highbridge and Gilbane in the Underlying Action.

**Defendant:** (1) insurance policies issued by the respective parties; (2) pleadings and discovery including depositions taken in the Underlying Action; (3) the construction management agreement between Highbridge and NYCHA Housing Development Fund Corporation ("NYCHA") and Gilbane; (4) the subcontract between Gilbane and Perennial; (5) correspondence between Travelers and SNIC regarding Travelers' tender of the defense and indemnification of Highbridge and Gilbane in connection with the Underlying Action to SNIC; and (6) the defense costs incurred by Travelers for the defense of Highbridge and Gilbane in the Underlying Action.

4. **Initial Disclosures**

The parties will exchange information required by Rule 26(a)(1) by June 30, 2026. In addition, by June 30, 2026, the parties will produce an initial set of relevant documents identified in their Initial Disclosures and will continue to supplement their production.

5. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

a.   All fact discovery must be completed by November 23, 2026.

b.       The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.  The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completed fact discovery set forth in 5(a) above.

        i.       Depositions: Depositions shall be completed by October 23, 2026, and limited to no more than 4 depositions per party.  Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

     ii.     <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before August 24, 2026.  All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

     iii.     <u>Requests for Admission</u>: Requests for admission must be served on or before October 1, 2026.

     iv.     <u>Requests for Production</u>: Initial requests for production will be exchanged on July 7, 2026.  All subsequent requests for production shall be served no later than 30 days before the discovery deadline.

     v.     <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6. **Anticipated Discovery Disputes**

None at this time.

7. **Amendments to Pleadings**

a. Last date to amend the Complaint: July 23, 2026

8. **Expert Witness Disclosures**

At this time, the parties do not anticipate utilizing experts.

9. **Electronic Discovery and Preservation of Documents and Information**

a. Have the parties discussed electronic discovery? Yes.

b. Is there an electronic discovery protocol in place? If not, when do the parties expect to have one in place? The parties do not anticipate any issue with electronic discovery at this time.

   c. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference? Not at this time.

**10. Anticipated Motions**

The parties anticipate that they will cross-move for summary judgment following the close of discovery.

**11. Early Settlement or Resolution**

The parties do not request a settlement conference at this time but wish to reserve the right to request a settlement conference following discovery.

**12. Trial**

   a. The parties anticipate that this case will be ready for trial by 60 days following a decision on all pending motions for summary judgments.

   b. The parties anticipate that trial of this case will require 2-3 days.

   c. The parties do not consent to a trial before a Magistrate Judge at this time.

   d. Defendant SNIC has requested a jury trial.

**13. Other Matters**

None at this time.

Dispositive motions must be filed by 1/8/27.
Joint Pre-Trial Order due by 1/25/27 or 21 days after decision of any dispositive motion. Ready-Trial 48 hours notice. 21 days after filing the Joint Pre-Trial Order.
So ordered.
5/28/26  John G. Koeltl / U.S.D.J

Respectfully submitted this 27th day of May, 2026.

| | |
|---|---|
| THE PLAINTIFF, | THE DEFENDANT, |
| By:   /s/ Logan A. Carducci   | By:  /s/Sherri N. Pavloff   |
| Logan A. Carducci, Esq. | Sherri N. Pavloff, Esq. |
| Usery & Associates | Stonberg Hickman & Pavloff, LLP |
| P.O. Box 2996 | 505 Eighth Avenue, Suite 2302 |
| Hartford, CT 06104-2996 | New York, NY 10018 |
| Tel: (917) 778-6680 | Tel: (212) 231-2220 |
| Fax: (844) 571-3789 | Email:sherri.pavloff@shplawyers.com |
| Email: lcarducc@travelers.com | |